SOL:JC:ds
(06)02807

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,           :
United States Department of Labor,
                                              :   Civil Action File
                         Plaintiff,               No.
                                              :
              V.                                  07 CV 758
                                              :   COMPLAINT
SABE RESTAURANT 401(k) PLAN,                  :   JUDGE KAPLAN

                         Defendant.           :
------------------------------------------------------------

RECEIVED JAN 3 1 2007 U.S.D.C. S.D.N.Y. CASHIERS

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

**Jurisdiction, Parties and Venue**

2. Jurisdiction over this action is conferred upon the Court by § 502(e)(1) of ERISA. 29 U.S.C. § 1132(e)(1).

3. The Defendant Sabe Restaurant 401(k) Plan ("the Plan"), is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by Sabe Restaurant Corporation ("the Corporation") and its owners Urbano M. Benito and Margaret Benito ("the Benitos"), employers that employed employees covered by the Plan. The Corporation was located at 599 East Tremont Avenue, Bronx, New York 10457. This Plan has been without a trustee since around August 13, 2004, when the Benitos initiated, but failed to complete, the termination of the Plan.

1

4.  Venue for this action lies in the Southern District of New York where the Plan was administered, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### Factual Allegations

5.  To the best of the Secretary's knowledge, information, and belief, the Benitos were the administrators of the Plan and were the fiduciaries responsible for its day-to-day management and operation.

6.  To the best of the Secretary's knowledge, information and belief, the Corporation has ceased business operations, and the Benitos have not been discharging their responsibilities as plan fiduciaries.

7.  To the best of the Secretary's knowledge, information, and belief, the Benitos did not ensure the appointment of a fiduciary to oversee the distribution of the Plan's assets after the Corporation ceased business operations.

8.  To the best of the Secretary's knowledge, information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

9.  The Plan has not been formally terminated.

10. The custodian of the Plan's assets is State Street Bank, located at 200 Newport Avenue, North Quincy, Massachusetts, 02171. To the best of the Secretary's knowledge, information, and belief, those assets have a value of approximately $71,051.50, including a loan balance of $5,050.44.

## Violations

11. Because of the facts and circumstances set forth in Paragraphs 5-10, above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

12. Because of the facts and circumstances set forth in Paragraph 5-10 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

### Prayer for Relief

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A. Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination.

B. Provide such other relief as may be just and equitable.

Dated: January 30, 2007
New York, New York

Respectfully submitted,

/S/ Jonathan L. Snare
JONATHAN L. SNARE
Acting Solicitor of Labor

/S/ Patricia M. Rodenhausen
PATRICIA M. RODENHAUSEN
Regional Solicitor

/S/ John G. Campbell
JOHN G. CAMPBELL
Attorney
JC (2125)

Attorneys for Plaintiff
ELAINE L. CHAO
Secretary of Labor
U.S. Department of Labor

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York   10014
Tel.: (212) 620-2111
FAX: (212) 337-2112

4