UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

              Plaintiff,

    -against-

SABE RESTAURANT 401(k) PLAN,

             Defendant.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/5/11

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
LEWIS A. KAPLAN**

07 Civ. 758 (LAK) (FM)

**FRANK MAAS,** United States Magistrate Judge.

       In 2007, the United States Department of Labor ("DOL") commenced this ERISA action against defendant Sabe Restaurant 401(k) Plan ("Plan") because the Plan's sponsor, Sabe Restaurant Corporation ("Sabe"), discontinued its business operations, but failed to retain a fiduciary to oversee the distribution of the Plan assets to the Plan participants and beneficiaries. Accordingly, DOL sought the appointment of an independent fiduciary to "effectuate the distribution of the Plan's assets to the participants and beneficiaries and the Plan's termination." (ECF No. 1).

       By order dated April 11, 2007, Your Honor appointed Herbert Whitehouse to be the Plan's Independent Fiduciary. (ECF No. 5). Jacqueline Carmichael later became the Plan's Independent Fiduciary on April 16, 2009. (ECF No. 10). Thereafter, on December 7, 2010, Your Honor referred the case to me for general pretrial supervision and to report and recommend with respect to any dispositive motions. (ECF No. 12).

On December 13, 2010, I held a telephone conference with Ms. Carmichael and counsel for DOL to discuss the status of the case. During the conference, I learned that all but two of the Plan participants have received their allocable shares of the Plan assets. Additionally, IRA accounts containing the funds attributable to the two remaining participants (who could not be located) have been established with a trust company, which has engaged a locator service to ascertain their whereabouts. If these participants cannot be located by the time they reach the age of 70 1/2, their IRA funds will escheat to the State.

In sum, there are no assets remaining in the Plan, and the participants and beneficiaries have been dealt with equitably. Additionally, Ms. Carmichael advises me that she has been fully compensated.

In these circumstances, since there is nothing left for the Court to do, I recommend that Your Honor close this case.

<u>Notice of Procedure for Filing of Objections to this Report and Recommendation</u>

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. <u>See also</u> Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72(b). Any requests for an extension of time for filing objections must be directed to Judge Kaplan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:     New York, New York
           April 5, 2011

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

John G. Campbell, Esq.
U.S. Department of Labor – Office of the Solicitor
Fax: (212) 337-2112

Jacqueline M. Carmichael
JM Pension Advisory, Inc.
Fax: (301) 417-2929